FILED'05 SEP 22 10:03USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SARAH GREENE, personally and as next friend for S.G., a minor, and K.G., a minor,<br><br>      Plaintiff,<br><br>    v.<br><br>BOB CAMRETA; DESCHUTES COUNTY DEPUTY SHERIFF JAMES ALFORD; DESCHUTES COUNTY; JANE DOE; BOB SMIT; THE KIDS CENTER; THE BEND LAPINE SCHOOL DISTRICT; AND TERRY FRIESEN,<br><br>      Defendants. | Civ. No. 05-6047-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

    Plaintiff filed suit pursuant to 42 U.S.C. § 1983, alleging that defendants violated her constitutional rights and those of her minor children, "S.G." and "K.G.," secured by the Fourth and Fourteenth Amendments of the United States Constitution. On July

1 - OPINION AND ORDER

8, 2005, defendants Bob Smit and The Kids Center moved for summary judgment on the ground that plaintiff alleges no state action to support her § 1983 claim against them. To date, plaintiff has not filed a response.

On August 19, 2005, defendant Bob Camreta moved for a protective order quashing the subpoena ordering "F.S.," a non-party minor child, to appear for deposition. All defendants join in the motion. Defendants also request that plaintiff be prohibited from issuing further subpoenas or deposition notices to F.S. and from contacting F.S. or his parents absent approval of the court. Again, plaintiff has filed no response.

## BACKGROUND

Plaintiff alleges that on February 24, 2003, Camreta, an employee of the Oregon Department of Human Services (DHS), and Deschutes County Deputy Sheriff James Alford unlawfully detained and interrogated S.G. at her school. Camreta and Alford allegedly wanted to question S.G. after Nimrod Greene (Greene), plaintiff's husband and father of S.G. and K.G., was arrested for suspected sexual abuse of F.S., the minor child of Greene's employer. Plaintiff alleges that upon coercion and duress, S.G. made incriminating statements against Greene.

Plaintiff alleges that she was ordered not to discuss the alleged abuse with S.G., and she eventually agreed to a physical examination of S.G. Plaintiff alleges that Camreta insisted that

2 - OPINION AND ORDER

the examination of S.G. take place at The Kids Center (the Center). Defendant Bob Smit is the Executive Director of the Center.

On March 6, 2003, an indictment was returned against Greene charging him with six counts of sexual abuse involving F.S. and five counts of abuse involving S.G.

Plaintiff alleges that on March 11, 2003, Camreta sought a protective order allowing DHS to take custody of S.G. and K.G., and that he knowingly submitted false and inaccurate information to the court in doing so. Plaintiff alleges that Camreta removed the children from her home on the same day, even though Greene was not at home and the children were in no danger.

On March 20 and 31, 2003, K.G. and S.G. were interviewed and physically examined at the Center, respectively. Dr. Barbara Largent performed the examinations. Affidavit of Barbara Largent, M.D. (Largent Affidavit), p. 1. Plaintiff alleges that prior to K.G.'s interview on March 20, the Center "attempted" to interrogate her, but after she was informed that Camreta and a detective would be allowed to observe, plaintiff refused to answer any questions without her attorney present.

Plaintiff alleges that an employee of the Center, "complying with the specific policies and procedures put in place by Bob Smit," ordered plaintiff to leave the Center prior to the examinations of K.G. and S.G. and prohibited plaintiff from attending the examinations. Complaint, ¶¶ 21, 25. Alternatively,

3 - OPINION AND ORDER

plaintiff alleges that it was Camreta, rather than the Center, who ordered plaintiff to leave the premises. Plaintiff alleges that she subsequently requested copies of the interview notes and the video tape from the Center, but it refused to provide them to her.

On February 24, 2005, plaintiff filed this action. In Counts 1 through 7 of her Complaint, plaintiff asserts numerous grounds for relief under 42 U.S.C. § 1983 against all defendants, including unreasonable seizure under the Fourth Amendment, unreasonable interference in familial relationship and violation of substantive due process rights under the Fourteenth Amendment, and malicious prosecution. In Counts 8 through 11, plaintiff seeks punitive damages, injunctive relief, and attorney fees. Finally, plaintiff alleges state law claims of false imprisonment and intentional infliction of emotion distress against defendants Camreta and Alford.

With respect to defendants Smit and the Center, plaintiff alleges that they "unreasonably interfered" with the rights of plaintiff and her minor children "to be together during the intrusive medication examination[s]" in violation of their rights under the Fourteenth Amendment. Complaint, Count 7, p. 15. Further, plaintiff seeks punitive damages from Smit and the Center (and from Camreta and Alford), because they "acted with callous disregard to the family relationship . . . and in clear violation of the 4[th] Amendment." Id. Count 8, p. 15.

DISCUSSION

A. Motion for Summary Judgment

Defendants Smit and the Center move for summary judgment, arguing that plaintiff fails to establish the existence of state action to support her § 1983 claim against them.

1. Summary Judgment Standard

Summary judgment is appropriate "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must draw all reasonable inferences supported by the evidence in favor of the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where competing factual inferences are equally plausible, summary judgment is inappropriate. Sicor Ltd v. Cetus Corp., 51 F.3d 848, 857 (9th Cir. 1995).

If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

5 - OPINION AND ORDER

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

2. Analysis

Smit and the Center contend that they did not act on behalf of the state when performing the interviews and medical examinations of K.G. and S.G., and that they did not order plaintiff to leave the Center during the examinations. Therefore, they argue that plaintiff cannot establish liability under § 1983.

"Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001). Actions of a private entity may constitute state action under the Fourteenth Amendment and § 1983 "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id. at 295 & n.2 (internal citation and quotation marks omitted); see also Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002).

The Supreme Court has held that a private entity may be considered a state actor when it is controlled by an "agency of the State," it has been "delegated a public function by the State," it is "entwined with governmental policies," or when government is "entwined in [its] management or control." Brentwood Acad., 531 U.S. at 296. Further, the Court has found that challenged activity may constitute state action when the accused conduct results from

6 - OPINION AND ORDER

the State's exercise of "coercive power," the State provides "significant encouragement, either overt or covert," or a private actor operates as a "willful participant in joint activity with the State or its agents." Id.

Here, plaintiff fails to establish that the Center or Smit are state actors. The Center is a private non-profit corporation that conducts medical examinations of allegedly abused children, provides therapy for families of abused children, and educates families and the public about child abuse. See Affidavit of Bob Smit (Smit Affidavit), p. 1. According to Smit, the Center is funded both publicly and privately, but no public agency controls or dictates the Center's practices or procedures.

The Center has two policies relevant to plaintiff's allegations. First, non-offending parents may not be present during the videotaped interview with the allegedly abused child and are rarely involved in the medical examination conducted by the Center's medical providers. Smit Affidavit, p. 2. According to Dr. Largent, the presence of parents at the interview and examination inhibits open communication with the child and is therefore discouraged. Largent Affidavit, p. 2. However, non-offending parents may remain in the Center or on its premises during the interview and examination. Id.; Smit Affidavit, p. 2. Second, parents are not given a copy of the medical evaluation report generated as a result of the medical evaluation, but an oral

7 - OPINION AND ORDER

summary of findings is offered to the non-offending parent after the examination is conducted. Id.

While the Center discourages or prohibits parents from attending at the investigation and examination, plaintiff presents no evidence that the Center adopted these policies at the behest of the state. Rather, the Center's policies are internal matters decided by Center's Board of Directors and implemented by Smit, although Smit has authority to make minor changes in procedure without Board approval. Smit Affidavit, p. 2. Plaintiff further presents no evidence that DHS or another state agency controls the Center or is entwined with its policies or management.

Further, no evidence suggests that the Center has been delegated a government function. The Center accepts referrals from DHS and law enforcement agencies as well as private physicians and other medical practitioners. Smit Affidavit, p. 3. Plaintiff does not argue or present evidence that the Center's function in conducting medical examinations is "both traditionally and exclusively governmental." Lee, 276 F.3d at 555.

Plaintiff likewise fails to present any evidence that Smit's or the Center's accused conduct constitutes state action. According to Smit and Dr. Largent, the Center did not attempt to "interrogate" plaintiff. Rather, the Center asked plaintiff to participate in an initial social and medical history interview to provide information that may be helpful during the medical

8 - OPINION AND ORDER

examination, and plaintiff refused. Largent Affidavit, p. 3.

Finally, the Center did not ask plaintiff to leave the premises during her children's examinations at the behest of a state actor. Rather, DHS - through Camreta - requested that plaintiff leave the Center. Smit Affidavit, pp. 2-3. The Center did not object to Camreta's order, because DSH had legal custody of the children and the Center was informed that a "no-contact" order was in effect between plaintiff and her children except for supervised visitation. Id.; Largent Affidavit at pp. 2-3.

Accordingly, I find no genuine issue of fact exists to support that Smit or the Center acted on behalf of the state, and defendants' motion for summary judgment is granted.

2. Motion for Protective Order

Defendant Camreta, jointly with his co-defendants, seeks a protective order quashing the subpoena issued to F.S., the non-party minor child who accused Greene of sexual abuse. Defendants emphasize that F.S. is not a party to this action, did not witness any the events alleged in plaintiff's Complaint, and has no information relevant to plaintiff's claims. Defendants argue that the deposition of F.S. is either a waste of resources or an attempt to harass and embarrass a child who proceeded with sex abuse charges. Defendant Camreta also requests that the court order plaintiff to pay his expenses in bringing this motion. Plaintiff filed no response to the motion or the request for fees.

9 - OPINION AND ORDER

I agree that the deposition of F.S. is not reasonably calculated to lead to the discovery of admissible evidence. F.S. was not a fact witness to any of the events alleged in the Complaint. F.S. was not present when S.G. was removed from school and interviewed by Camreta and Alford, F.S. was not involved with the protective custody order sought by Camreta, and F.S. certainly was not present during the interviews and examinations of S.G. and K.G. The testimony of F.S. thus has no relevance to plaintiff's claim that child welfare and police officers, doctors, and teachers deprived plaintiff and her children of their constitutional rights.

Indeed, based on the evidence presented by defendants, it appears that plaintiff seeks to depose F.S. in the hopes that he will recant his allegations and exonerate Greene. However, after a mistrial, Greene pled no contest and was convicted of Attempted Sex Abuse in the First Degree. To the extent relevant, the testimony of F.S. from the criminal proceeding is or should be available to plaintiff.

Therefore, the protective order sought by Camreta is necessary to protect F.S. and defendants from embarrassment, undue burden, and expense. Finally, under Federal Rules of Civil Procedure 26(c) and 37(a)(4), plaintiff and counsel are ordered to show cause why either or both of them should not be required to pay the expenses incurred by Camreta in bringing his motion, given the lack of basis for F.S.'s deposition and plaintiff's failure to respond.

10 - OPINION AND ORDER

CONCLUSION

Defendant Bob Smit and The Kids Center's Motion for Summary Judgment (doc. 21) is GRANTED. Plaintiff's claims against defendants Smit and The Kids Center asserted under 42 U.S.C. § 1983 are HEREBY DISMISSED. Defendant Bob Camreta's Motion for Protective Order (doc. 27) and defendant's request to quash the subpoena issued to F.S. are GRANTED. Plaintiff and plaintiff's counsel are prohibited from issuing a subpoena or notice of deposition to F.S. or from attempting to contact F.S. or his parents without prior approval of the court. Plaintiff shall show cause by September 29, 2005 why plaintiff or counsel or both should not be required to pay the reasonable expenses incurred by defendant Bob Camreta in filing the motion for protective order. IT IS SO ORDERED.

Dated this 22 day of September, 2005.

_____
Ann Aiken
United States District Judge