HARDY MYERS
Attorney General
DAVID L. KRAMER  #80290
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 378-6313
Fax: (503) 378-2056
Email: david.kramer@state.or.us

Attorneys for Defendant Bob Camreta

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SARAH GREENE, personally and as next friend for S.G. a minor and K.G. a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BOB CAMRETA; DESCHUTES COUNTY DEPUTY SHERIFF JAMES ALFORD; DESCHUTES COUNTY; JANE DOE; BOB SMIT; THE KIDS CENTER; THE BEND LAPINE SCHOOL DISTRICT; and TERRY FRIESEN,<br><br>Defendants. | Case No. 05-CV-6047-AA<br><br>CONCISE STATEMENT OF MATERIAL FACT, ON BEHALF OF DEFENDANT BOB CAMRETA |

1.  Defendant Bob Camreta was, at all material times, an employee of the State of Oregon, Department of Human Services (DHS) and was acting within the course and scope of his employment as a Child Protective Services (CPS) caseworker. Camreta has training and experience regarding the investigation of suspected child abuse. (Camreta, Aff ¶¶1-3).

Page 1 -   CONCISE STATEMENT OF MATERIAL FACT, ON BEHALF OF DEFENDANT BOB CAMRETA
           DLK/cbh/TRIN1254

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-6313

2.   On or about February 20, 2003 the Deschutes County Sheriff's Office reported possible child abuse to DHS. The subject of the report was Nimrod Greene; the children involved were his children, refused to in this lawsuit as S.G. and K.G.. Among other things, the referral indicated that Nimrod Greene had been arrested on February 12, 2003 for the alleged sexual abuse of a 7-year-old boy, F.S.. DHS had a statutory obligation to assess this report. O.R.S. 419B.020

3.   On February 24, 2003 Defendant Camreta learned that Nimrod Greene was being released on bail and was expected to be at the Greene home having unsupervised contact with his nine and five-year-old daughters, S.G and K.G.. Camreta Aff, ¶ 4.

4.   On February 24, 2003 Defendant Camreta interviewed S.G. at her school. He did not seek or obtain parental permission for the interview. Deschutes County Deputy Sheriff James Alford attended the interview. The interview took place in a private office. S.G. was brought to the interview by school administrative staff, at Camreta's request. No one involved, including S.G., objected to the interview. *Id.* at ¶ 5.

5.   S.G. disclosed that she had been sexually abused by her father at her home. She disclosed that the abuse began when she was age three; that the last time it occurred was "just last week;" that the touching occurred after Nimrod had been drinking alcohol; and that she had told her mother about the touching. *Id.* at ¶ 5.

6.   On February 24, 2003 Deputy Alford and Defendant Camreta spoke with Sarah and Nimrod Greene about S.G.'s disclosures. Both parents denied sexual abuse. Both agreed to a safety plan that provided, among other things, that Nimrod would not have unsupervised contact with his daughters during the remainder of the investigation, and that S.G. would have a sexual abuse examination by the KIDS Center in Bend, Oregon (a medical center specializing in child sex abuse). Mrs. Greene was advised to not discuss the abuse with her daughters. Camreta Aff, ¶ 6.

Page 2 -   CONCISE STATEMENT OF MATERIAL FACT, ON BEHALF OF DEFENDANT BOB CAMRETA
DLK/cbh/TRIN1254
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-6313

7. On March 7, 2003 Defendant Camreta learned that Nimrod Greene had been indicted by the Deschutes County Grand Jury and charged with six counts of Felony Sexual Abuse in the First Degree. The named victims were F.S. and S.G. *Id.* at ¶ 7.

8. Following his indictment, Nimrod Greene was released from jail pursuant to a Court-ordered Release Agreement. The Release Agreement provided, among other things, that Nimrod should have no contact with children, including his own. *Id.* at ¶20, Ex 5.

9. On March 7, 2003 Defendant Camreta went to the Greene home with police to assess whether Mrs. Greene would enforce the No Contact Order regarding her daughters and her husband. Mrs. Greene said she had hired an attorney to defend her husband, that the charges against were a lie, that she had discussed the abuse with S.G., and that she had no extra resources for Nimrod Greene to obtain alternative housing. Mrs. Greene refused to sign an information release form for the KIDS Center examination. *Id.* at ¶ 7.

10. On March 10, 2003 the Greene's attorney wrote DHS stating the entire family, including the children, invoked their "Fifth Amendment" rights to not speak further with police or DHS, and revoked all previously signed information releases pertaining to the children. *Id.* at ¶ 8, Ex 6.

11. On March 11, 2003 Defendant Camreta filed a petition and supporting affidavit with the Juvenile Court, seeking to place S.G. and K.G. in immediate protective custody. *Id.* at ¶ 9, Ex 7. That same day, the State Court issued a "Protective Custody/Pick-up Order" relating to S.G. and K.G. *Id.* at ¶ 9, Ex 1.

12. On March 11, 2003 S.G. and K.G. were taken into DHS custody pursuant to the Juvenile Court Order. *Id.* at ¶ 9.

13. On March 12, 2003 the Juvenile Court held an Emergency Shelter Hearing, attended by the parents, their attorney, and attorneys for the children. After a hearing, the Court issued an Order which continued the children in State custody and ordered sexual abuse examinations. Camreta Aff, ¶ 10, Ex 9.

14. From March 11, 2003 through March 31, 2003, S.G. and K.G. were in the legal custody of DHS, pursuant to one or more lawful orders issued by the Deschutes County Circuit Juvenile Court. *Id.* at ¶ 11, Exs. 1, 8, 9, 12.

15. While the children were in State custody, Sarah Greene's contact was limited to pre-arranged, supervised visitation approved by DHS. Visitation during the KIDS Center evaluation process was not permitted as part of this approved visitation. Camreta Aff, ¶ 14.

16. On March 20, 2003 K.G. was interviewed and examined at the KIDS Center by its medical staff. She informed doctors that her sister lied, and she knew this because she overheard her mother informing S.G. that she lied. The KIDS Center report for K.G. is attached to the Camreta Affidavit as Exhibit 10.

17. On March 31, 2003 S.G. was examined at the KIDS Center. This report is attached to the Camreta Affidavit as Exhibit 11.

18. The KIDS Center evaluators were unable to determine if the children had been sexually abused. S.G. recanted her statements about her father. *Id.* at Ex. 11, pp. 18.

19. At the request of DHS and the other parties to the March 31, 2003 Juvenile Court proceeding, the Court ordered that S.G. and K.G. be returned to the custody of their mother. Camreta Aff, ¶ 18, Ex 12.

20. In deposition, S.G. admitted she informed Defendants Alford and Camreta that her father had sexually abused her. She testified that this was a "lie;" because while she thought she was telling the truth at the time, she realized she had been lying after her mother informed her the statements were lies. Kramer Aff, Ex 1, pp. 87-88.

21. The following exhibits are true and accurate copies of documents created during the times alleged, and are attached to the affidavit of Bob Camreta:

   a. **Exhibit 1** is a Court Order dated March 12, 2003, placing the Greene children in protective custody.
   b. **Exhibit 2** are reports of the Deschutes County Sheriff's Office dated February 10, 2003, and February 14, 2003.

c. **Exhibit 3** is a DHS closing narrative dated April 2, 2003.

d. **Exhibit 4** is the Indictment of Nimrod Greene, in Deschutes County Circuit Court Case No. 03FE0290MA.

e. **Exhibit 5** is a Release Agreement for Nimrod Greene.

f. **Exhibit 6** is a March 6, 2003 letter from the Vandermay Law Firm to DHS.

g. **Exhibit 7** is Camreta's Affidavit in Support of a Request for Protective Order from the Juvenile Court, dated March 11, 2003.

h. **Exhibit 8** is a March 12, 2003 Shelter Order from the Juvenile Court.

i. **Exhibit 9** is a March 12, 2003 Juvenile Court Minutes Entry and Order.

j. **Exhibit 10** is a March 20, 2003 report regarding the KIDS Center Evaluation of K.G.

k. **Exhibit 11** is a March 31, 2003 report regarding the KIDS Center Medical Evaluation of S.G.

l. **Exhibit 12** is a March 31, 2003 Journal Entry and Order.

m. **Exhibit 13** is a judgment of conviction of Nimrod Greene in the criminal case of *State of Oregon v. Nimrod Trimble Green*, Deschutes County Circuit Court Case No. 04FE1209MA.

22. The following exhibits are true and accurate copies of documents created during the times alleged, and are attached to the affidavit of David Kramer:

a. **Exhibit 1** are selected pages from the deposition of S.G. taken 07/27/2005.

b. **Exhibit 2** is Mr. Miller's Tort Claim Notice dated 08/21/2003.

c. **Exhibit 3** is Mr. Kramer's conferral letter to Mr. Miller dated 08/10/2005.

DATED this 23 day of November, 2005.

Respectfully submitted,

HARDY MYERS
Attorney General

DAVID L. KRAMER #80290
Attorney-in-Charge
Trial Attorney
Tel (503) 378-6313
Fax (503) 378-2056
david.kramer@doj.state.or.us
Of Attorneys for Defendant Camreta

Page 5 -   CONCISE STATEMENT OF MATERIAL FACT, ON BEHALF OF DEFENDANT BOB CAMRETA
DLK/cbh/TRIN1254

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-6313

# CERTIFICATE OF SERVICE

I certify that on November 23, 2005, I served the foregoing CONCISE STATEMENT OF MATERIAL FACT, ON BEHALF OF DEFENDANT BOB CAMRETA upon the parties hereto by the method indicated below, and addressed to the following:

Mikel R. Miller
Law Office of Mikel R. Miller, P.C.
26 NW Hawthorne Ave
Bend OR 97701
    Of Attorneys for Plaintiffs

___ HAND DELIVERY
_x_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX) (541) 317-4987
___ E-MAIL mike@lawofficeofmikelrmiller.com
_X_ E-FILE

Mark Amberg
Deschutes County Legal Counsel
1300 NW Wall St Ste 200
Bend OR 97701
    Of Attorneys for Deschutes County

___ HAND DELIVERY
_x_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX) 541 617-4748
___ E-MAIL mark_amberg@co.deschutes.or.us
_x_ E-FILE

Maxwell Merrill
Merrill O'Sullivan LLP
1070 NW Bond St Ste 303
Bend OR 97701
    Of Attorneys for The Kids Center

___ HAND DELIVERY
_x_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX) 541 389-1777
___ E-MAIL max@merrill-osullivan.com
_X_ E-FILE

Mark H Wagner
Hoffman Hart & Wagner LLP
1000 SW Broadway Ste 2000
Portland OR 97205
    Of Attorneys for Bend-Lapine School District

___ HAND DELIVERY
_x_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX) 503 222-2301
___ E-MAIL mhw@hhw.com
_X_ E-FILE

DAVID L. KRAMER #80290
Assistant Attorney General
Trial Attorney
Of Attorneys for Defendant Camreta
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 378-6313

cc: Foster A. Glass

Page 1 - CERTIFICATE OF SERVICE
DLK/cbh/TRIL1191