Mikel R. Miller
OSB #91475
E-mail: mike@lawofficeofmikelrmiller.com
Law Office of Mikel R. Miller, P.C.
26 NW Hawthorne Avenue
Bend, OR 97701
Telephone: (541) 388-9819
Fax: (541) 317-4987
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SARAH GREENE personally and as next friend for S.G., a minor, and K.G., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>BOB CAMRETA, DESCHUTES COUNTY, DESCHUTES COUNTY DEPUTY SHERIFF, JAMES ALFORD, JANE DOE, BOB SMIT, THE KIDS CENTER, THE BEND LAPINE SCHOOL DISTRICT, and TEACHER'S AIDE MRS. FRIESEN,<br><br>Defendants. | Case No. 05-CV-6047-AA<br><br>**OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW** |

**Background**

On February 10, 2003, a man named Nimrod Greene was drinking at his employer's home, which was a very common activity for Mr. Greene and his employer. On this particular day, after Mr. Greene left, the employer's son complained that Mr. Greene had tied his shoelaces together and he was supposed to keep it a secret, at which time the employer asked his son if he had been touched by Mr. Greene. He indicated he had.

On February 24, 2003, Defendant Camreta, a state child protective worker, accompanied by Defendant Deputy Alford, a Deputy Sheriff with Deschutes County Sheriff's Office, went to the elementary school attended by Nimrod Greene's 9 year-old daughter, Plaintiff S.G. Based on

the request of Defendants Camreta and Alford, Defendant Friesen went to Plaintiff S.G.'s classroom and removed her. Defendant Friesen took Plaintiff S.G. to a private room where she was interrogated by Defendants Camreta and Alford for up to two hours. Defendants Camreta and Alford then claimed that Plaintiff S.G. disclosed she was sexually abused by her father, Nimrod Greene.

On March 10, 2003, Defendant Camreta filed an affidavit requesting a protective order to remove Plaintiffs S.G. and K.G. from their mother's care, custody and control. He alleged danger to the children because they no longer wanted to talk to him without an attorney. He also claimed that Plaintiff Sarah Greene would not agree to keep the children away from their father. Plaintiff Sarah Greene claims that she specifically told Defendant Camreta she would keep the children away from their father, and would cooperate in the examinations of her children. The court issued the order and the children were removed.

On March 20, 2003, and March 31, 2003, Plaintiffs S.G. and K.G. were subjected to intrusive physical examinations at the KIDS Center. Plaintiff Sarah Greene was present at the KIDS Center to be supportive to her children. Defendant Camreta ordered the mother, Plaintiff Sarah Greene, to leave the premises.

Plaintiffs' claim that these acts are violations of their right to be free from unreasonable seizures under the Fourth Amendment and procedural and substantive rights to no unreasonable interference in the family relationship guaranteed by the Fourteenth Amendment to the US Constitution and that the violations were done under color of state law, subjecting Defendants to liability pursuant to 42 USC § 1983.

**Legal Argument**

Claims of violations of constitutional rights and the defense of qualified immunity are analyzed under the two-prong test of *Saucier v. Katz*, 533 US 194 (2001.) First, the court must determine if the Plaintiffs' rights were violated. Secondly, if the Plaintiffs' rights were violated, were the rights so clearly established that a reasonable person would recognize that their acts were prohibited.

In determining a motion for summary judgment, all facts in dispute are presumed in favor

of the non-moving party, in this case, the Plaintiffs. *Calabretta v. Floyd*, 189 F3d 808 (9th Cir. 1999.)

### Plaintiff S.G.'s 4th Amendment Right to Be Free From Unreasonable Seizures

The children have a legitimate expectation of privacy at school, and the 4th amendment prohibition against unreasonable seizures applies to school officials. *New Jersey v. T.L.O.*, 469 US 325 (1985).

There is no question that Defendant Friesen's removal of SG from her classroom was a seizure. A person is seized, or in custody, when that person is in compelling circumstances which cause the individual to reasonably believe they are not free to leave. In *US v. Jacobsen*, 466 US 109, 113 (1984), the court defined seizure under the Fourth Amendment as, "meaningful interference, however brief, with an individual's freedom of movement".

The State of Oregon Court of Appeals has found that a child in similar circumstances is being subjected to a custodial interrogation and entitled to Miranda rights. *In the Matter of David Wayne Killitz*, 59 OrAp 720, 651 P2d 1382 (1982). In *Killitz*, the child was summoned to the principal's office for an interrogation by an armed police officer. The Oregon Court found that the interrogation by the police officer in the principal's office was a custodial interrogation because the child would not have felt free to leave, he was in school during regular hours where his movements were controlled by school personnel, he was being interrogated by an armed uniformed police officer, and neither the police officer nor school personnel did anything to dispel the clear impression communicated to the child that he was not free to leave. The facts in *Killitz* are almost identical to those in this case, other than the principal not being present, which makes the facts in this case more egregious. The school delivered custody of Plaintiff S.G. to two total strangers and left her there, unsupported, for a two hour interrogation.

Simply taking Plaintiff S.G. from her classroom for a non-school purpose was a seizure.

> ". . . a person is deemed to have been stopped or seized by a police officer . . . when the individual is *summoned away from a task* (emphasis added)."
> *State v. Johnson*, 105 OrAp 587, 805 P2d 747 (1991).

In the Affidavit of Plaintiff S.G. at paragraph 5, she clearly stated that she did not feel free to leave. For purposes of these motions, it should be presumed that Plaintiff S.G. was

1  seized.

## Was the Seizure Reasonable?

The Plaintiffs argue that a non-consensual custodial interrogation of a 9 year-old child is unreasonable.  A reasonable jury could, and should, find that a two-hour interrogation of a nine year-old child by two adult males, who are strangers, one an armed uniformed police officer, and without any familiar faces for emotional support for the child, was unreasonable.  Especially when the parent, who was not accused of any bad acts, was available to take the child to a facility designed to interview children.  This is a fact question which the court should find in favor of Plaintiffs' for purposes of these motions.

## Was the Law Clearly Established?

Defendants Friesen, Camreta and Alford seized Plaintiff S.G. and subjected her to a custodial interrogation without a court order, probable cause and exigent circumstances or parental consent.  All the cases cited above were decided prior to February 24, 2003, and clearly established that an unreasonable seizure is a violation of constitutional rights.  Therefore, Defendants Friesen, Camreta and Alford are not entitled to qualified immunity for their acts in this case.  The claim of "that's the way we've always done it" is not an excuse for failing to think about it.  And anyone who gave it some thought would recognize these acts as a seizure, and that seizures require justification, or they are, per se, unreasonable

### Plaintiffs S.G. and Sarah Greene's Right to be Protected by the 14th Amendment

The right of parents to guide the care, custody and control of their children is guaranteed by the 14th Amendment's requirement of substantive due process.  *Santosky v.* Kramer, 455 US 745 (1982), Wisconsin *v. Yoder*, 406 US 205 (1972) *Pierce v. Society of Sisters*, 268 US 510 (1925), and *Mabe v. San Bernardino County*, 237 F3d 1101 (9th. Cir. 2001.)

In *Doe v. Heck*, 327 F3d 492 (7th Cir. 2003), the 7th Circuit decided a case involving the attempt of social workers to interview children at a private school.  The Court in that case held that social workers forcing their way onto the school grounds without a court order or probable cause to interview children was a violation of the children's and parent's rights.

In footnote 9 of *Doe v. Lebbos*, 348 F3d 820 (9th. Cir. 2003), the 9th Circuit stated:

> "In *Wallis v. Spencer*, 202 F3d 1126, 1137 (9th. Cir. 2000) (as amended), we addressed parents' and children's claims that the children in that case unlawfully were seized and removed from their parents' custody. We recognized that the "claims of the parents in this regard should properly be assessed under the Fourteenth Amendment standard for interference with the right to family association." *Id.* at 1137 n.8. Moreover, "[b]ecause only the children were subjected to a seizure, their claims should properly be addressed under the Fourth Amendment." *Id.* Because we applied the same legal standard in evaluating Fourth and Fourteenth Amendment claims, we analyzed the parents' and the children's claims together in ***Wallis***. *Id.* We do the same here."

Plaintiffs argue that the custodial interrogation of Plaintiff S.G. was an unreasonable interference in the relationship between mother and child and a parent's natural right to the care, custody and control of her children. Plaintiff Sarah Greene did not send Plaintiff S.G. to school to be interrogated, she did not consent to the interrogation and she did not give the school authority to consent. There is no authority for a claim that the school could consent for the child.

### Response to Defendants' Arguments

Defendant Camreta claims that Plaintiff S.G. had no right to be free from an unreasonable search. Camreta's memorandum in support of Motion for Summary Judgment, page 8. That certainly is the issue to be decided, but a conclusionary statement does not make it so.

Defendants Bend-LaPine School District and Friesen's main argument is that they cannot be held responsible because, to paraphrase, "this is the way they have always done it." Plaintiffs appreciate the Defendants' admission (Defendant Bend-LaPine School District Concise Statement, paragraph 5) that these acts were common procedure for the Bend-LaPine School District.

Defendants Bend-LaPine School District and Friesen asked that the claims against them be dismissed because there is a state law that provides for interviews to take place at public schools, and that because the school itself had no involvement in actually questioning Plaintiff S.G. The statute does not authorize seizures without warrants, nor does it override obtaining parental consent, and state statutes do not override the US Constitution, and everyone knows that. When Defendant Friesen removed Plaintiff S.G. from her classroom, it was not for a school purpose, but solely for the purpose of an interrogation by Defendants Camreta and Alford. The

cases that provide for a relaxed standard concerning the reasonableness of a search or seizure while on school grounds are all based on the search and seizure taking place for school purposes. *New Jersey v. T.L.O.*, 469 US 325 (1985.)  Those cases do not apply in this situation.  Defendant Friesen was simply a person acting under color of state law when she seized Plaintiff S.G.

Defendant Alford also claims that he was just a bystander and did not violate Plaintiff S.G.'s rights.

However,

> "An officer who fails to intercede when his colleagues are depriving a victim of his 4th amendment right to be free from unreasonable force in the course of an arrest would, like his colleagues, be responsible for subjecting the victim to a deprivation of his 4th amendment rights."
> *United States vs. Koon*, 34 F3d 1416 at 1447 Note 25, (9th Cir., 1994).

Defendant Alford had a duty to stop the violation of Plaintiff S.G.'s rights.  A reasonable person in Defendant Camreta's position would have recognized that a two-hour custodial interrogation of a 9 year-old child was unreasonable.

Defendant Deschutes County had a policy of seizing and interviewing children and Defendant Alford was acting in conformance with that policy.  Plaintiffs' counsel's affidavit, Exhibit "1", page 4.

### Was Removal of Children from the Home a Violation of Rights?

Removal of children from the family home without a court order, probable cause with exigent circumstances, or parental consent is a violation of the child's and parents' rights *Wallis*, *Id, Mabe, Id.*

Defendant Camreta submitted an affidavit requesting that the juvenile court issue an order allowing him to take Plaintiffs S.G. and K.G. into custody.  That affidavit is attached to his affidavit as exhibit "7".  In that request for a protective order, he gave two reasons for the necessity of the court order: 1) "...and she [Sarah Greene] indicated the family had no alternate resources for either the children or Nimrod to ensure there would be no contact" and 2) "without access to the family members, and the home DHS is unable to monitor and ensure the safety of the children and unable to ensure that the children receive forensic interviews and exams to determine the health and welfare of S.G. and K.G. and to conclude the investigation."

Page 6of 13- OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

The first reason is countered by the affidavit of Plaintiff Sarah Greene, which clearly states that she specifically told Defendant Camreta she would keep the children away from their father. Plaintiff Sarah Greene specifically told Defendant Camreta she would comply with all steps necessary to assure the children did not need to be traumatized by removal from the remaining parent. Plaintiff Sarah Greene's affidavit, paragraphs 9 and 10.

Defendant Camreta's second reason is based on a letter he received from attorney Monty Vandermay which was attached as exhibit 6 to Defendant Camreta's affidavit. In that letter, Mr. Vandermay specifically said,

> "They [Plaintiffs Sarah Greene, S.G. and K.G.] will not be meeting with you or a member of your department or any other member of law enforcement without a member of this firm present.
> 'If you have legitimate concerns that need to be explored, please feel free to contact me personally and I will be happy to coordinate a meeting time and a mutual exchange of information so that we can put to rest any legitimate concerns your department may have.. . . if you need documentation from the family, please contact me."

Plaintiff Sarah Greene had expressed concern about Defendant Camreta talking to Plaintiff S.G. alone after she learned that Defendants Camreta and Alford had kept her daughter for two hours alone in a room and questioned her repeatedly until she made some statement, or agreed to some statement, that Defendants Camreta and Alford claim supported allegations of abuse. Plaintiff Sarah Greene's affidavit, paragraph 2. Plaintiffs were apparently being punished for wanting an attorney.

Defendant Camreta knew that there was not probable cause for removing the children from the home. The children could only be removed from Plaintiff Sarah Greene's custody if there was a danger to the children while in her custody, and removal was the least restrictive method of protecting the children. *Mabe, Id.*

> "Officials may remove a child from the custody of [his or her] parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury."
> 
> *Wallis*, 202 F3d at 1138.

These cases concern situations where there has not been prior judicial authorization,

which is different than this case. In this situation, there was a court order. However, Defendant Camreta is not allowed to rely on that order when he is aware of information that establishes that the order is not appropriate.

Defendant Camreta cannot rely on an order which he knows is not supported by probable cause. In *Marks v. Clark,* 102 F3d 1012 (9th Cir. 1996), the court held that a police officer could not rely on a warrant authorizing a search of any person on the premises, unless there were also facts supporting probable cause for the search.

In this case there was a court order, but Defendant Camreta knew there was not probable cause to believe the children were in danger to support the order or the removal of the children (see Plaintiff Sarah Greene's affidavit, paragraphs 9 and 10.)  Defendant Camreta should not have removed the children when he knew they were not in danger and the mother intended to cooperate in the physical exams. Mother was not alleged to have abused her daughters, she had agreed to have them interviewed by KIDS Center, and she had agreed to keep them away from their father. There was no factual basis for traumatizing Plaintiffs S.G., K.G. and Sarah Greene by removing the children from their mother. Plaintiffs' rights were violated by being separated and the children put in a foster home, without probable cause, and this law was well established on February 24, 2003.

**Did Mother Have Right to Be Present at Examinations
of her Daughters at the KIDS Center?**

Plaintiff Sarah Greene showed up at the KIDS Center on March 20, 2003, when she knew her daughter, Plaintiff K.G. was to be interviewed and examined. She fully intended to cooperate with the KIDS Center and then lend whatever assistance and support she could to her daughter. She was informed at the KIDS Center that, while Defendant Camreta and a police detective named Merlin Toney would be allowed to listen to the interview and to listen in on the medical examination, she would be denied that right. She was ordered by the staff at the KIDS Center, under the orders of Defendant Camreta, to leave the premises so she was denied the ability to lend comfort to her daughter, Plaintiff K.G.   Plaintiff Sarah Greene's affidavit, paragraph 14.

Plaintiff Sarah Greene showed up again on March 31, 2003, for the examination and interview of Plaintiff S.G. Once again, she intended to cooperate in the exam and be there to

support her daughter. She was ordered once more by the KIDS Center staff to leave the premises and denied the ability to lend comfort to her daughter, Plaintiff S.G. Plaintiff Sarah Greene's affidavit, paragraph 15.

Plaintiffs claim they had a right to be together during these traumatic events, and that right is protected by the 14th amendment. The right claimed by Plaintiffs was established in *Wallis v. Spencer,* 202 F3d 1126 at 1142 (9th Cir. 2000.) *Wallis* involved a claim by a family that was abused by DHS and the police, similar to this case. There were allegations against only the father that he was abusing the kids. The court found that the state needed a reason to violate the relationship between mother and her children, other than the allegations against the father.

The children were taken in for physical exams, and the mother was not allowed to attend. The court found:

> "Moreover, parents have a right arising from the liberty interest in family association to be with their children while they are receiving medical attention (or to be in a waiting room or other nearby area if there is a valid reason for excluding them while all or a part of the medical procedure is being conducted.) Likewise, children have a corresponding right to the love, comfort, and reassurance of their parents while they are undergoing medical procedures, including examinations - particularly those, such as here, that are invasive or upsetting. The interest in family association is particularly compelling at such times, in part because of the possibility that a need to make medical decisions will arise, and in part because of the family's right to be together during such difficult and often traumatic events."
>
> *Wallis v. Spencer*, 202 F3d at 1142.

Plaintiff Sarah Greene asked to be there for her children and she was denied. There was no factual reason to deny Plaintiff Sarah Greene from being there. The *Wallis* decision was issued on September 14, 1999, and amended on February 7, 2000; clearly before February 24, 2003.

### Response to Defendants' Arguments

Defendant Camreta claims that he imposed a requirement that Plaintiff Sarah Greene could only have supervised contact with her children, and that is why she could not be there for their physical exams. The court order did not exclude mother from seeing her kids. In fact, the order anticipated the children being returned to mom, possibly even before the physical exams. The court order stated, "Court directs DHS to return children to mother's home as soon

as safety plan is in place and DHS concerns have been addressed." Defendant Camreta's affidavit, exhibit 9, page 1.

Defendant Camreta's argument is that it was ok to wrongfully exclude mother from the exams because he was wrongfully excluding her from seeing the children.

**Conclusions**

Referring directly to Plaintiffs' complaint, this Court should find that:

Count 1

This is Plaintiffs' 4th amendment count against the school counselor (Defendant Counselor Mrs. Friesen) for seizing Plaintiff S.G. for a custodial interrogation. That seizure was unreasonable, and the law was clearly established.

Count 2

This count is against Defendant Bend-LaPine School District for violating Plaintiff S.G. rights under the 4th and 14th amendments, based on the acts of Defendant Friesen being done in compliance with the custom and policy of the Bend-LaPine School District.

Count 3

This count is against Defendants Camreta and Alford for violating Plaintiff S.G.'s rights under the 4th and 14th amendments. Defendants Camreta and Alford unreasonably held Plaintiff S.G. in a private room for two hours and subjected her to a custodial interrogation without a court order or probable cause and exigent circumstances. The length and circumstances of the seizure were unreasonable. The law was clearly established on that date, and Defendants Camreta and Alford should be held responsible for Plaintiff S.G.'s damages.

Count 4

This count is against Defendant Deschutes County for having a custom and policy of unreasonably seizing, or participating in seizing, children. Defendant Alford was acting in compliance with Deschutes County policy and should be held responsible for Plaintiff S.G.'s damages under Count 4.

Count 5

This is Plaintiffs' count for Defendant Camreta's interference in the family relationship

guaranteed by the 14th amendment.  Defendant Camreta's actions interfered in the family relationship: on February 24, 2003, when the family relationship was interfered with by the custodial interrogation; on March 10, 2003, when Plaintiffs S.G. and K.G. were removed from Plaintiff Sarah Greene's care, custody and control; on March 20, 2003, when Plaintiff Sarah Greene was not allowed to remain for Plaintiff K.G.'s examination at the KIDS Center; and on March 31, 2003, when Plaintiff Sarah Greene was not allowed to remain for Plaintiff S.G.s' examination at the KIDS Center.  These acts violated Plaintiffs' rights that were clearly established on those dates.

## Count 6

Plaintiffs will stipulate to the dismissal of Count 6, as they do not have sufficient information to pursue a claim of malicious prosecution by Defendant Camreta.

## Count 7

Jane Doe, Bob Smit and the KIDS Center have been dismissed, and the remaining claim against Camreta can be consolidated with Count 5.

## Count 8

This is Plaintiffs' count for punitive damages, alleging that Defendants Camreta and Alford acted in callous disregard to the familial relationship of the Plaintiffs and in clear violation of the 4th amendment.  The evidence presented is sufficient to raise a material issue of fact, that the Defendants actions were egregious and beyond any level of acceptable social behavior and Plaintiffs are entitled to pursue a claim for punitive damages.  *Smith v. Wade*, 461 US 30 (1982.)

## Count 9

Plaintiffs are asking the court to issue an injunction against the Bend-LaPine School District, preventing the school district from seizing children, for non-school purposes, from classrooms without a warrant, probable cause and exigent circumstances or parental consent.  The law is clearly established that such an action is a seizure, and such a seizure is, per se, unreasonable if done without court order,  probable cause and exigent circumstances or consent.  The evidence presented supports the court issuing an injunction against Bend-LaPine School

District, preventing them from unreasonably seizing children in the future for non-school related matters. The school district's present policy is going to result in parents telling their children they do not have to obey the teachers if the teachers are going to act as police officers seizing children for interrogations.

### Count 10

Count 10 was for an injunction against the KIDS Center and is dismissed.

### Count 11

Plaintiffs are entitled to claim attorney fees under 42 USC §1988.

### State Claims, False Imprisonment

The evidence presented by the Plaintiffs constitute a prima facie case of false imprisonment when Defendants Camreta and Alford confined Plaintiff S.G. to a small room for up to two hours while they conducted their interrogation. The evidence is sufficient to raise a claim that Plaintiff S.G. had a reasonable belief that she was not free to leave and that Defendants Camreta and Alford did not have a court order or probable cause and exigent circumstances or even reasonable suspicion to justify their imprisonment of Plaintiff S.G.

The evidence is also sufficient to support a claim of intentional infliction of emotional distress. Plaintiffs have raised a material issue of fact that Defendants Camreta and Alford knew that holding a young child for two hours and subjecting her to an emotionally abusive interrogation would cause that child to suffer emotional distress.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

1  Wherefore, Plaintiffs ask that this Court deny each and every one of the Defendants'
2  Motions for Summary Judgment.
3  Respectfully submitted this 11th day of January, 2006.

Respectfully submitted,

MIKEL R. MILLER
Attorney for Plaintiffs


____/S/_____
Mikel R. Miller, OSB #91475
Attorney for Plaintiffs
26 NW Hawthorne Avenue
Bend, OR 97701
(541) 388-9819

Page 13of 13- OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW