Mikel R. Miller
OSB #91475
E-mail: mike@lawofficeofmikelrmiller.com
Law Office of Mikel R. Miller, P.C.
26 NW Hawthorne Avenue
Bend, OR 97701
Telephone: (541) 388-9819
Fax: (541) 317-4987
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SARAH GREENE personally and as next friend for S.G., a minor, and K.G., a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> BOB CAMRETA, DESCHUTES COUNTY, DESCHUTES COUNTY DEPUTY SHERIFF, JAMES ALFORD, JANE DOE, BOB SMIT, THE KIDS CENTER, THE BEND LAPINE SCHOOL DISTRICT, and TEACHER'S AIDE MRS. FRIESEN, <br><br> Defendants. | Case No. 05-CV-6047-AA <br><br> **PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

    1.    On February 10, 2003, a man named Nimrod Greene was drinking at his employer's home, which was a very common activity for Mr. Greene and his employer. On this particular day, after Mr. Greene left, the employer's son complained that Mr. Greene had tied his shoelaces together and he was supposed to keep it a secret, at which time the employer asked his son if he had been touched by Mr. Greene. He indicated he had.

    2.    On February 24, 2003, Defendant Camreta, a state child protective worker, accompanied by Defendant Deputy Alford, a Deputy Sheriff with Deschutes County Sheriff's Office, went to the elementary school attended by Nimrod Greene's 9 year-old daughter, Plaintiff S.G. Based on the request of Defendants Camreta and Alford, Defendant Friesen went to Plaintiff S.G.'s classroom and removed her. Defendant Friesen took Plaintiff S.G. to a private

room where she was interrogated by Defendants Camreta and Alford for up to two hours. Defendants Camreta and Alford then claimed that Plaintiff S.G. disclosed she was sexually abused by her father, Nimrod Greene. Plaintiff S.G.'s affidavit, paragraphs 5, 6, 7, 8 and 9.

    3.    On March 10, 2003, Defendant Camreta filed an affidavit requesting a protective order to remove Plaintiffs S.G. and K.G. from their mother's care, custody and control. He alleged danger to the children because they no longer wanted to talk to him without an attorney. He also claimed that Plaintiff Sarah Greene would not agree to keep the children away from their father. Plaintiff Sarah Greene claims that she specifically told Defendant Camreta she would keep the children away from their father. The court issued the order and the children were removed.

    4.    On March 20, 2003, and March 31, 2003, Plaintiffs S.G. and K.G. were subjected to intrusive physical examinations at the KIDS Center. Plaintiff Sarah Greene was present at the KIDS Center to be supportive to her children. Defendant Camreta ordered the mother, Plaintiff Sarah Greene, to leave the premises.

    5.    Plaintiffs' claim that these acts are violations of their rights to be free from unreasonable seizures under the Fourth amendment, and procedural and substantive rights to no unreasonable interference in the family relationship.

    6.    On February 24, 2003, Plaintiff S.G. was removed from her schoolroom by Defendant Friesen, a school employee, for non-school purposes. Plaintiff S.G.'s affidavit, paragraphs 4 and 5.

    7.    Defendant Friesen did not have a court order, probable cause with exigent circumstances, parental permission or reasonable suspicion of violation of a school rule or danger to the school to justify Plaintiff S.G.'s removal from the classroom. Plaintiffs' counsel's affidavit, Exhibit "1", pages 2 and 3.

    8.    The school took Plaintiff S.G. from her classroom and placed her into a custodial situation with Defendants Camreta and Alford. At no time did the school make an effort to determine if the child consented, if her parents consented, or there were any circumstances justifying subjecting the child to a custodial interrogation. Defendant Bend-LaPine School

District's Concise Statement of Fact, Plaintiff S.G.'s affidavit, paragraph 15, and Plaintiff Sarah Greene's affidavit, paragraph 7.

9. Plaintiff S.G. was incapable, because of her age and maturity level, of determining on her own whether she wished to participate in the interrogation. Plaintiff Sarah Greene's affidavit, paragraph 2.

10. On March 7, 2003, Plaintiff Sarah Greene informed Defendant Camreta that if and when her husband was released from jail, he would have alternative housing and she would enforce the no contact order between the children and her husband. She also informed Defendant Camreta that at all times she would comply with all steps necessary to assure the safety of her children and that she would cooperate in the evaluation of the children at the KIDS Center. Plaintiff Sarah Greene's affidavit, paragraphs 9 and 10.

11. The letter sent by Mr. Vandermay to DHS did not deny DHS access to either the children or information about the children's safety. Asking DHS to go through the family attorney to obtain the information was not unreasonable in the circumstances. Exhibit 6, Defendant Camreta's affidavit.

12. When Defendant Camreta filed his affidavit with the court seeking a protective order to take custody of Plaintiffs S.G. and K.G., he knew that there was no need for the children to be removed from the home because of Plaintiff Sarah Greene's agreement to comply with the Safety Plan. Plaintiff Sarah Greene's affidavit, pages 9 and 10.

13. At the time the protective order was issued, Defendant Camreta knew that there was not probable cause for believing the children were in danger. Plaintiff Sarah Greene's affidavit, paragraphs 10 and 11.

14. After the Shelter Care hearing on March 12, 2003, the Court had ordered the children returned to the mother as soon as a Safety Plan was entered. Plaintiff Sarah Greene's affidavit, paragraphs 11 and 12. Defendant Camreta knew that Plaintiff Sarah Greene had already agreed to the Safety Plan, yet he refused to return the children.

15. When Plaintiffs S.G. and K.G. were taken to the KIDS Center (Plaintiff Sarah Greene's affidavit) for an intrusive physical examination, Defendant Camreta deliberately and

intentionally ordered Plaintiff Sarah Greene to leave the premises. Defendant Camreta knew that by ordering Plaintiff Sarah Greene to leave the premises, he would be denying Plaintiffs any form of familial support during what could be a very traumatic event. Plaintiff Sarah Greene's affidavit, paragraphs 14 and 15.

16. Defendant Camreta knew that the Judge had not ordered that contact between Plaintiff Sarah Greene and her children, Plaintiffs S.G. and K.G. be supervised and that the Judge expected the children to be returned to mother soon. Defendant Camreta's affidavit, Exhibit "9". Defendant Camreta knew that Plaintiff Sarah Greene was not a danger to her children. Plaintiff Sarah Greene's affidavit, paragraph 12.

DATED this 11th day of January, 2006.

Respectfully submitted,

MIKEL R. MILLER
Attorney for Plaintiffs

\_\_/S/_____
Mikel R. Miller, OSB #91475
Attorney for Plaintiffs
26 NW Hawthorne Avenue
Bend, OR 97701
(541) 388-9819